IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 MAR -7 P 4: 2?

| | | |
|---|---|---|
| BIANCA BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07 cv 205 -A |
| | ) | |
| vs. | ) | Civil Action No.: CV-2007-188 |
| | ) | (Montgomery County Circuit Court Number) |
| PATRICK REID, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW the defendants, Patrick Reid and Western Express, Inc., in the above-styled cause, and pursuant to 28 U.S.C. §§ 1332 and 1446, as amended, notice the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division, and as grounds therefore states as follows:

1.      The plaintiff commenced this civil action against these defendants in the Circuit Court of Montgomery County, Alabama, bearing Civil Action Number CV-2007-188.

2.      The Summons and Complaint in said action, a copy of which is attached hereto as Exhibit "A," was served on the defendant, Western Express, Inc., on or about February 5, 2007.

3.      This cause is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

4.      The defendants have heretofore sought no similar relief.

5.      This notice of removal is filed within thirty (30) days of the service of a copy of the Summons and Complaint on the defendant.

6.      This case is removable pursuant to 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1332.

7.     Upon information and belief, the plaintiff has at all material times been a resident and citizen of the State of Alabama.

8.     The defendant, Western Express, Inc., is a foreign corporation with its principal offices located in Tennessee.

9.     The defendant, Patrick Reid, is a resident and a citizen of the State of Georgia. The defendant resides in Fayetteville, Georgia and was so residing at the time this action was commenced.

10.     The plaintiff's Complaint requests compensatory and punitive damages in an amount in excess of $75,000.00.

11.     This case involves a matter in controversy in excess of the sum or value of $75,000.00 and is between citizens of different states.

WHEREFORE, the defendants respectfully request this Court to take jurisdiction of this action and issue all necessary orders and proceed to remove said action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

_____
Patrick R. Norris (asb-3835-s81p)
Attorney for Defendants


OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 7th day of March, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Guy R. Willis
Guy R. Willis & Associates
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054

*Patrick R Ving*
Of Counsel

**Exhibit "A"**

02/07/2007 WED 12:14  FAX 16152  9150 WESTERN EXPRESS                    @002/017

State of Alabama
Unified Judicial System                    **SUMMONS**              Case Number
Form C-34 Rev 6/88                          -CIVIL-                  CV-2007- _188_

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

PLAINTIFF,    **Bianca Boyd,** *ET AL.*

v.

DEFENDANTS, <u>WESTERN EXPRESS; *DEFENDANTS "A" – "L", ET.AL.*</u>

NOTICE TO:    CT CORPORATION SYSTEM as Agent for Service for Western Express, Inc., located at 1201 Peachtree Street, NE, Atlanta, GA    30361.

THE <u>COMPLAINT</u>, WHICH IS ATTACHED TO THIS SUMMONS, IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY <u>GUY R. WILLIS</u> WHOSE ADDRESS IS <u>4761 MAIN STREET, POST OFFICE DRAWER 1227, MILLBROOK, ALABAMA 36054; (334) 285-4488</u>.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN <u>30</u> DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:
( )      You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.
( X )    Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _2-1-07_                                          By _____

                                          Clerk/Register _____

**X** Certified Mail is hereby requested.          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:
_____ Return receipt of certified mail received in this office on _____
                                                                (Date)
_____ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
                    (Date)

_____                    _____
Date                                       Server's Signature

_____                    _____
Address of Server                          Type of Process Server

02/07/2007 WED 12:15 FAX 16152  0150 WESTERN EXPRESS                                    ⓕ006/017

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

BIANCA BOYD,

§
§
§
§

Plaintiff,

§
§
§

v.

§
§

PATRICK REID; WESTERN EXPRESS, INC.; Defendants "A" and "B", the owner and operator respectively, of the vehicle being operated by Defendant, **PATRICK REID,** or by Defendant "B" upon the occasion made the basis of this suit; Defendant "C", the person, firm or corporation responsible for the maintenance of the vehicle which was being operated by Defendant, **PATRICK REID,** or Defendant "B" upon the occasion made the basis of this suit; Defendant "D", the person, firm, or corporation responsible for the inspection of the vehicle which was being operated by Defendant, **PATRICK REID,** or by Defendant "B" upon the occasion made the basis of this suit; Defendant "E", the person, firm, or corporation responsible for the state of repairs of the vehicle being operated by Defendant, **PATRICK REID,** or by Defendant "B", on the occasion made the basis of this suit; Defendant "F", the employer of **PATRICK REID** or Defendant "B", on the occasion made the basis of this suit; Defendant "G", the Fictitious Defendant who was responsible for the supervision for Defendant, **PATRICK REID,** or Defendant "B" on the occasion made the basis of this suit; Defendant "H", the Fictitious Defendant who was responsible for the hiring of Defendant, **PATRICK REID,** or Defendant "B" prior to the accident on the occasion made the basis of this suit; Defendant "I", the Fictitious Defendant who was

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§-
§
§
§

**CIVIL ACTION NUMBER:**
**CV-2007-___188___**



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 JAN 31  AM 11:05

responsible for the Training of §
Defendant, **PATRICK REID,** or §
Defendant **"B"** prior to the accident on §
the occasion made the basis of this §
suit; Defendant **"J"**, the Fictitious §
Defendant who negligently and/or §
wantonly entrusted the vehicle owned §
by Defendant **"A"** and/or **WESTERN** §
**EXPRESS,** or other Fictitious Defendants §
at the time of the accident on the §
occasion made the basis of this suit; §
Defendant **"K"**, the Fictitious §
Defendant who negligently and/or §
wantonly retained Defendant, **PATRICK** §
**REID,** and/or Defendant **"B"** as an §
employee and/or other Fictitious §
Defendants at the time of the accident §
on the occasion made the basis of this §
suit; Defendant **PATRICK REID,** §
Defendant **WESTERN EXPRESS, INC.** §
and/or Defendant **"L"** the fictitious §
Defendant who negligently and/or §
wantonly violated various federal *
motor carrier safety regulation as well *
as DOT regulations; and all of those *
whose true names are otherwise *
unknown to the Plaintiff at the time but, *
will be added by Amendment when *
ascertained,

       Defendants.

## COMPLAINT

    COMES NOW, the Plaintiff, **BIANCA BOYD,** by and through her attorney of

record, Guy R. Willis, and names as Defendants **PATRICK REID, WESTERN EXPRESS,**

**INC.** , **"A"**, **"B"**, **"C"**, **"D"**, **"E"**, **"F"**, **"G"**, **"H"**, **"I"**, **"J"** , **"K" and "L"** and sets forth a

cause of action for personal injuries caused by Defendant's, **PATRICK REID's,**

operation of an automobile.

## COUNT I

1.      Defendant, **PATRICK REID**, is a citizen of the State of Georgia, residing at 105 Fayetteville, GA,  30214.

2.      Defendant, **WESTERN EXPRESS, INC.**  is a corporation operating in the State of Alabama.

3.      Defendants **"A"** and **"B"** are the owners and operators, respectively, of the vehicle being operated by Defendant, **PATRICK REID**, upon the occasion made the basis of this suit.

4.      Defendant **"C"** is the person, firm, or corporation responsible for the maintenance of the vehicle, which was being operated by Defendant, **PATRICK REID**, on the occasion made the basis of this suit.

5.      Defendant **"D"** is the person, firm, or corporation responsible for the inspection of the vehicle, which was being operated by Defendant, **PATRICK REID**, on the occasion made the basis of this suit.

6.      Defendant **"E"** is the person, firm, or corporation responsible for the state of repairs of the vehicle being operated by Defendant, **PATRICK REID**, on the occasion made the basis of this suit.

7.      Defendant **"F"** is the employer of **PATRICK REID** on the occasion made the basis of this suit.

8.      Defendant "**G**" is the Fictitious Defendant who was responsible for the supervision for Defendant, **PATRICK REID**, on the occasion made the basis of this suit.

9.      Defendant "**H**" is the Fictitious Defendant who was responsible for the hiring of Defendant, **PATRICK REID**, prior to the accident on the occasion made the basis of this suit.

10.     Defendant "**I**" is the Fictitious Defendant who was responsible for the training of Defendant, **PATRICK REID**, prior to the accident on the occasion made the basis of this suit.

11.     Defendant "**J**" is the Fictitious Defendant who negligently and/or wantonly entrusted the vehicle owned by Defendant, **WESTERN EXPRESS, INC.** , and/or Defendant "**A**" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

12.     Defendant "**K**" is the Fictitious Defendant who negligently and/or wantonly retained Defendant, **PATRICK REID**, and/or Defendant "**B**" as an employee to operate the vehicle owned by Defendant, **WESTERN EXPRESS, INC.**, and/or Defendant "**A**" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

13.     Defendant "**L**" is the Fictitious Defendant who negligently and/or wantonly violated the FMCSR's and/or the Alabama DOT Regulations, as well as Defendant **REID** and Defendant **WESTERN EXPRESS, INC.**, which lead to and/or

contributed to the cause of the accident which is the basis of the above styled cause.

14.   On or about the 29th day of December, 2006, at approximately 5:15 P.M., the Eastern Boulevard was a public roadway, running in a generally north to south direction with lanes for traffic traveling north and lanes for traffic traveling south.

15.   On the 29th day of December, 2006, Plaintiff, BIANCA BOYD, was driving her vehicle traveling in a northerly direction on the Eastern Boulevard while Defendant, PATRICK REID, and/or Defendant "B" was operating Defendant, WESTERN EXPRESS, INC. , and/or Defendant A's, automobile traveling in a northerly direction on the Eastern Boulevard in Montgomery County, Alabama.

16.   Plaintiff alleges that the vehicle driven by Defendant, PATRICK REID and owned by Defendant, WESTERN EXPRESS, INC., changed lanes from the middle right hand lane into the far right hand lane without insuring the far right hand lane was clear, thereby causing the collision with the plaintiff. The accident occurred on the Eastern Boulevard at or near the intersection of the Eastern Boulevard and Woodmere Boulevard in Montgomery County, Alabama.

17.   Plaintiff alleges that Defendant, PATRICK REID, and/or Defendant "B" drove Defendant, WESTERN EXPRESS, INC., and/or Defendant A's vehicle in a

-5-

· 02/07/2007 WED 12:16  FAX 16152 0150 WESTERN EXPRESS                                                      006/017

manner that resulted in the accident with the vehicle which was being operated and occupied by the Plaintiff, **BIANCA BOYD**.

18.  At the date and time stated above, Defendant, **PATRICK REID**, was negligent and/or wanton in causing the accident with the Plaintiff's, **BIANCA BOYD's**, vehicle.

19.  At the date and time stated above, as Defendant, **PATRICK REID**, and/or Defendant **"B"** drove Defendant, **WESTERN EXPRESS, INC.**, and/or Defendant **A's**, vehicle in such a manner as to cause the accident with the Plaintiff's, **BIANCA BOYD's**, vehicle, no objects or obstacles whether fixed or moving existed between the vehicle operated by Defendant, **PATRICK REID**, and/or Defendant **"B"** and the vehicle which the Plaintiff, **BIANCA BOYD**, was driving that could have or that did prevent Defendant, **PATRICK REID**, and/or Defendant **"B"** from seeing the Plaintiff's, **BIANCA BOYD's**, vehicle.

20.  The negligent and/or wanton acts and omissions of the Defendant, **PATRICK REID**, and/or Defendant **"B"** include but, are not limited to, the following:

A.  Failure to control the vehicle owned by Defendant, **WESTERN EXPRESS, INC.** and/or Defendant **"A"** in such a manner as to prevent a collision with the vehicle which Plaintiff, **BIANCA BOYD**, was driving;

B.  Failure to show due and proper regard for the safety of other persons on the highway, including the Plaintiff;

-6-

C.    Failure to keep a proper lookout so as to avoid a collision with the Plaintiff; and

D.    Failure to properly inspect his vehicle before driving it upon a public roadway.

E.    Failure to follow the FMCSR's and/or Alabama DOT regulations so as to properly insure the safety of other individuals utilizing the Alabama public highways and roadways.

F.    Failure to insure his vehicle was in proper working order prior to commencing his trip for Defendant WETERN EXPRESS, INC.

G.    Failure to properly maintain control of his vehicle.

H.    Such other acts or omissions of negligence the evidence may reveal at trial.

21.    The negligence and/or wantonness of Defendant, **PATRICK REID**, and/or Defendant "**B**" were the proximate cause of the injuries sustained by the Plaintiff, **BIANCA BOYD**. She received injuries to her entire person. Plaintiff, **BIANCA BOYD**, was caused to incur medical bills, physician expenses, pain and suffering and emotional distress, loss of enjoyment in social activities and life in general. Plaintiff, **BIANCA BOYD**, may also incur future medical bills, physician expenses, pain and suffering and emotional distress.

WHEREFORE, Plaintiff, **BIANCA BOYD**, demands judgment against the Defendant, **PATRICK REID**, and/or Defendant "**B**" in a sum in excess of Seventy-Five

-7-

Thousand and No/100 Dollars ($75,000.00), in compensatory and punitive damages which the jury believes would be fair and just together with the costs of her action.

## COUNT II

22.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-one (23) into paragraph twenty-two (22) of her complaint.

23.    Plaintiff re-allege all of the allegations of paragraphs thirteen (13) through twenty-one (21) against Defendant "**A**" the owner and Defendant "**B**" who was the operator of the vehicle which struck the vehicle being operated and occupied by Plaintiff, **BIANCA BOYD.**

## COUNT III

24.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-three (23) into paragraph twenty-four (24) of her complaint.

25.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.**, and/or Defendants "**A**" and/or "**C**" negligently and/or wantonly maintained the vehicle driven by Defendant, **PATRICK REID**, and/or Defendant "**B**" and owned by Defendant, **WETERN EXPRESS, INC.**  and/or Defendant "**A**" at the time of the collision with the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD.**

## COUNT IV

26.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-five (25) into paragraph twenty-six (26) of her complaint.

-8-

27.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**D**" negligently and/or wantonly inspected the vehicle driven by Defendant, **PATRICK REID,** and/or Defendant "**B**" and owned by Defendant, **WESTERN EXPRESS, INC.** , and/or by Defendant "**A**", at the time of the collision with the vehicle being operated and occupied by Plaintiff, **BIANCA BOYD.**

### COUNT V

28.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-seven (27) into paragraph twenty-eight (28) of her complaint.

29.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**E**" negligently and/or wantonly repaired the vehicle driven by Defendant, **PATRICK REID,** and/or Defendant "**B**" and owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" at the time of the collision with the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD.**

### COUNT VI

30.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-nine (29) into paragraph thirty (30) of her complaint.

31.    Prior to the collision alleged in Count I, Defendant, **PATRICK REID,** and/or Defendant "**B**" was acting as an agent and employee of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**F**" within the line and

-9-

scope of his authority for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants

**"A"** and/or **"F".**

## COUNT VII

32.    Plaintiff incorporates by reference the allegations of paragraphs one

(1) through thirty-one (31) into paragraph thirty-two (32) of her complaint.

33.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS,**

**INC.,** and/or Defendants **"A"** and/or **"G"** negligently and/or wantonly supervised

Defendant, **PATRICK REID,** and/or Defendant **"B"** as an employee driver for

Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant **"A"** during the period of

time Defendant, **PATRICK REID,** and/or Defendant **"B"** worked for and/or drove a

vehicle for Defendant, **WESTERN EXPRESS, INC.** , and/or Defendant **"A".**

34.    The negligence and/or wantonness of Defendant, **WESTERN EXPRESS,**

**INC.,** and/or Defendants **"A"** and/or **"G"** combined and concurred with others;

and as a proximate cause of the concurrent and combined negligence and/or

wantonness, the Plaintiff received the injuries previously stated in her complaint.

## COUNT VIII

35.    Plaintiff incorporates by reference the allegations of paragraphs one

(1) through thirty-four (34) into paragraph thirty-five (35) of her Complaint.

-10-

36.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**H**" negligently and/or wantonly hired Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee driver for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**".

37.    The negligence and/or wantonness of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**H**" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in her complaint.

## COUNT IX

38.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-seven (37) into paragraph thirty-eight (38) of her complaint.

39.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**I**" negligently and/or wantonly trained Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee driver for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" prior to allowing Defendant, **PATRICK REID,** and/or Defendant "**B**" to drive and/or work for Defendant, **WESTERN EXPRESS, INC.**

40.    The negligence and/or wantonness of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**I**" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in her complaint.

-11-

## COUNT X

41.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty (40) into paragraph forty-one (41) of her Complaint.

42.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**J**" negligently and/or wantonly entrusted to Defendant, **PATRICK REID,** and/or to Defendant "**B**" the vehicle owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" which struck the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD.**

## COUNT XI

43.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty-two (42) into paragraph forty-three (43) of her complaint.

44.    Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**K**" negligently and/or wantonly retained Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee to operate the vehicle owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" which struck the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD.**

## COUNT XII

44.    Your Plaintiff incorporates paragraphs one (1) through forty-three (43) of her complaint into paragraph forty-four (44) of her complaint.

45.    On or about the 29th day of December 2006 and prior to that date the named defendants and/or defendant "**L**" negligently and/or wantonly violated

-12-

various Federal Motor Carrier Safety Regulations and/or Alabama Department of Transportation Regulations applicable to the hiring, training and supervision of **PATRICK REID** as a commercial over the road truck driver.

46.   The defendants' negligent and/or wanton violation of the Federal Motor Carrier Safety Regulations on the part of the defendants was the proximate cause of the injuries sustained by the Plaintiff. Plaintiff, **BIANCA BOYD**, received injuries to her entire person. Plaintiff, **BIANCA BOYD**, was caused to incur medical bills, physician expenses, pain and suffering, emotional distress, loss of income, loss of enjoyment in social activities, permanent physical impairment to her person, permanent vocational disability and loss of enjoyment of life in general. Plaintiff, **BIANCA BOYD**, will also incur future medical bills, physician expenses, pain and suffering, emotional distress and future loss of income.

47.   Plaintiff, **BIANCA BOYD**, claims compensatory and punitive damages of all defendants due to their said negligent and/or wanton conduct as set forth in the complaint.

WHEREFORE, Plaintiff,   **BIANCA BOYD**, demands judgment against the Defendants **PATRICK REID, WESTERN EXPRESS, INC.**, "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", "K" and "L", in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), in punitive and compensatory damages which a jury would feel is just and fair together with the costs of her action.

Guy R. Willis
Attorney for Plaintiff

-13-

02/07/2007 WED 12:19  FAX 16152509150 WESTERN EXPRESS                        016/017

STATE OF ALABAMA            )

                            *

ELMORE COUNTY               )

     Before me, the undersigned authority, personally appeared, Guy R. Willis,

who, after first being duly sworn, states on oath that she has read the foregoing

Complaint and that the facts stated therein are true and correct to the best of her

knowledge, information and belief.


                    Guy R. Willis
                    **ATTORNEY FOR PLAINTIFF**


     SWORN TO AND SUBSCRIBED before me on this the 29th day of January, 2007.

                    Crystal Jacks
                    Notary Public

[SEAL]

**Of Counsel:**
**Guy R. Willis & Associates**
**4761 Main Street**
Post Office Drawer 1227
Millbrook, Alabama 36054
Telephone:  (334) 285-4488
Facsimile:    (334) 285-4552

Plaintiff demands jury trial

                    **Guy R. Willis**
                    **ATTORNEY FOR PLAINTIFF**

-14-

