### IN THE DISTRICT COURT OF UNITED STATES FOR THE
### MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **BIANCA BOYD,** § | |
| § | |
| Plaintiff, § | **CIVIL ACTION NO.:** |
| § | **CV-2007-205-A** |
| v. § | |
| § | |
| **PATRICK REID, et al.,** § | |
| § | |
| Defendants. § | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT REID

Plaintiffs, **BIANCA BOYD**, request that Defendant, **PATRICK REID,** produces at the offices of Guy R. Willis, Attorney at Law, 4761 Main Street, Millbrook, Alabama, and permit said attorney, in their behalf, to inspect and copy each and all of the following documents:

1. A complete copy of any and all disciplinary actions or write-ups, counseling reports, action forms or any documentary forms of any type indicating any disciplinary actions against Driver, **PATRICK REID**, from the date of his employment by Defendant, **WESTERN EXPRESS, INC.**, to present.

2. A complete copy of Defendant, **WESTERN EXPRESS, INC. 'S**, repair forms, write-ups, estimate sheets, or any type of paper work whatsoever which shows the repairs or estimate for repairs made on the tractor and/or trailer(s) which was involved in the accident and caused as a result of the accident which is the basis of the above styled cause.

3. A complete copy of any and all Defendant, **WESTERN EXPRESS, INC. 'S**, documents, work orders, repair sheets, work history documentation on the tractor and/or trailer which was involved in the automobile accident which is the basis of the above styled cause.

4. A complete copy of the entire employee record, including but not limited to,

employment applications, pre-employment urinalysis consent agreement; employment eligibility verification, certification of compliance, request for check of driving record listing all State agencies written to, request for information from previous employer listing all companies written to, record of violations, record and certificate of road test; written examination and certificate, driver's physical examination certificate including the name of the physician, controlled substance test results, driver's data sheet, annual review of driving record, notice of disqualification part 391, notice of disqualification part 383 and the company qualification & ID card issued; held by Defendant, **WESTERN EXPRESS, INC.**, on **PATRICK REID**, from the date of his first employment with Defendant, **WESTERN EXPRESS, INC.**, to present.

  5. All memorandums, bulletins, written policies, written procedures, guidelines, or any other documentation called by any name whatsoever, dispersed to the Defendant's, **WESTERN EXPRESS, INC.'s**, employees or supervisors which mentions and/or discusses any topics related to the delivery of products being transported by the Defendant, **WESTERN EXPRESS, INC.**, which has been dispersed and/or issued from January 1, 2004 to present.

  6. All photographs of the tractor trailer truck and the trailer involved in the automobile accident which is the basis of the above styled cause from November 13, 2006 to present, including but not limited to the outside of the truck and trailer unit, the inside of the same, the brakes, being held by the Defendant, Defendant's attorney, or any expert.

  7. The complete D.O.T. and/or Human Resources or any file by any name whatsoever, held by Defendant, **WESTERN EXPRESS, INC.**, on employee **PATRICK REID**.

  8. Any and all written statements or reports, videotapes, audiotape and/or photographs taken in regard to the accident made the basis of this suit.

  9. Any and all repair bills relating to property damage which you may have incurred as a

result of said accident.

10. A copy of the Certificate of Title of the vehicle and/or the trailer, which was involved in said automobile accident.

11. A complete copy of the pre-employment screening process/forms utilized by Defendant, **WESTERN EXPRESS, INC.,** prior to hiring an employee in the capacity the same as Defendant, **PATRICK REID**.

12. A complete copy of all employee handbooks and/or driver handbooks and/or escort car driver handbooks utilized by Defendant, **WESTERN EXPRESS, INC.**

13. A complete copy of all employees reprimands procedures followed by Defendant, **WESTERN EXPRESS, INC.**

14. A complete history, including but, not limited to, maintenance reports, repair reports, work orders, inspection reports, Department of Transportation reports, accident reports, travel logs, loading and unloading reports, of the vehicle driven by the Defendant, **PATRICK REID**, which is the basis of the above styled cause.

15. A complete copy of the driver qualification program file kept by Defendant, **WESTERN EXPRESS, INC.,** on Defendant, **PATRICK REID**, including but, not limited to, the initial qualification program for a new driver and the follow-up program utilized by the Defendant, **WESTERN EXPRESS, INC.**, in keeping drivers qualified.

16. The driver's application for employment utilized by the Defendant, **WESTERN EXPRESS, INC.**

17. Any and all steps performed by the Defendant, **WESTERN EXPRESS, INC.**, to investigate and inquire of the Defendant's, **PATRICK REID's**, history and driving record prior to hiring the Defendant, **PATRICK REID**.

18. A copy of the record of the road test and copy of the certification of the road test performed by Defendant, **WESTERN EXPRESS, INC.,** on Defendant, **PATRICK REID**.

19. A copy of the written examination for drivers and a copy of the certification of the written examination for Defendant, **PATRICK REID**, administered by Defendant, **WESTERN EXPRESS, INC.**, and given to Defendant, **PATRICK REID**.

20. A copy of all the annual review files and all contents therein of the driving records and/or history including but not limited to any MVR checks and/or reviews, DAC reports, credit reports kept by Defendant, **WESTERN EXPRESS, INC.,** on Defendant, **PATRICK REID**, as well as a copy of the certificate of review kept by Defendant, **WESTERN EXPRESS, INC.,** on Defendant, **PATRICK REID**.

21. A complete copy of the written guidelines Defendant, **WESTERN EXPRESS, INC.**, uses for interviewing prospective truck drivers and lease truck drivers, for the years 2004, 2005 and 2006.

22. A complete copy of the policies and procedures to be utilized by all Defendant, **WESTERN EXPRESS, INC. 'S**, drivers, garage staff and/or employees when driving, maintaining, repairing, inspecting, etc., all Defendant, **WESTERN EXPRESS, INC. 's**, vehicles and /or trailers, in effect for the years 2004, 2005 and 2006.

23. A complete copy of all other policies and procedures to be followed by all defendants, **WESTERN EXPRESS, INC.'s**, staff at all times, in effect for the years 2004, 2005 and 2006.

24. A complete copy of all results of all drug screening testing performed at the request of **WESTERN EXPRESS, INC.** and any other party, and done on the Defendant Driver, **PATRICK REID**, during the employment of Defendant, **PATRICK REID**, prior to and subsequent

to the accident.

25.  A complete copy of the documents and all other paper work showing the weight of the tractor truck and trailer which is the basis of the above styled cause when unloaded.

26.  A complete copy of the documents and any other paper work showing the weight of the tractor truck and trailer when loaded with the load it was carrying at the time of the accident which is the basis of the above styled cause.

27.  Copies of any and all Complaints and/or claims or allegations involving any claims against the Defendant **WESTERN EXPRESS, INC.**, from 2000 to present alleging an automobile accident involving a commercial vehicle/tractor trailer truck owned by **WESTERN EXPRESS, INC.,** containing allegations which are the same and similar to those set forth in the above styled cause of action which are as follows but, may not be limited to the following:

   a.  Any Complaints and/or claims or allegations involving any claims alleging a vehicle driven by an employee of Defendant, **WESTERN EXPRESS, INC.,** which struck the vehicle in which the Plaintiff was driving in the rear where the Plaintiff(s) alleged the Defendant Driver and/or driver was employed by Defendant, **WESTERN EXPRESS, INC.,** and there was an allegation of negligence and/or wantonness involving the conduct of the driver, Defendant Driver, and Defendant, **WESTERN EXPRESS, INC.**

   b.  Any Complaints and/or claims or allegations involving any claims alleging negligent and/or wanton entrustment on the part of Defendant, **WESTERN EXPRESS, INC.,** of a vehicle to a driver and/or Defendant Driver.

   c.  Any Complaints and/or claims or allegations involving any claims alleging any type of improper maintenance of a vehicle on the part of Defendant, **WESTERN EXPRESS, INC.**

   d.  Any Complaints and/or claims or allegations involving any claims alleging any

negligent and/or wantonness in the inspection on the part of Defendant, **WESTERN EXPRESS, INC.,** or an employee of Defendant, **WESTERN EXPRESS, INC.**

  e. Any complaints and/or claims or allegations involving any claims alleging any negligent or wanton repairs performed by an employee of Defendant, **WESTERN EXPRESS, INC.,** or an individual under the control of Defendant, **WESTERN EXPRESS, INC.**

  f. Any Complaints and/or claims or allegations involving any claims alleging any negligent and/or wanton conduct on the part of Defendant **PATRICK REID** whether a law suit was filed or not and whether or not the claim was for wrongful death, personal injuries or just property damage.

  28. A copy of all manufacturer's owner's manual, maintenance manual and specifications concerning the truck and/or trailer(s), which has made the basis of the above, styled cause.

  29. A copy of any information, whether written, audio, video or in any form, received from a person, corporation or entity that employed, hired and/or contracted with the Defendant, **WESTERN EXPRESS, INC.,** concerning the load and transportation of said load which was being transported by Defendant, **PATRICK REID**, and hauled by the truck and trailer on the day of the accident which is the basis of the above styled cause.

  30. A copy of any and all policies, documents, notes, letters or general correspondence concerning existence and contents of any insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy any judgment rendered against the Defendants. Information contained in such documents shall include but not be limited to insurance coverages, exclusions, addendums, certificates, declarations, amounts of insurance coverage, and any umbrella policies providing excess coverage.

31. Provide a list and general description of all required permits Federal, State and/or Local allowing you to provide transportation services.

32. Provide a list and general description of any and all permits that are required by the Department of Transportation necessary to drive and transport the truck, trailer and/or load which your driver was operating and which your company was providing transportation services for on the date of the accident.

33. Provide a list and general description of any and all permits that are required by the Department of Transportation concerning driving/transporting of loads during daylight hours on the day of the accident in order to transport the load you were carrying.

34. Provide a list of any and all Federal, State and/or Local government regulations that are applicable to the truck, trailer and driver of the vehicle upon the occasion which is made the basis of this suit.

35. Provide a list of names, addresses and phone numbers of any and all witnesses and/or eyewitnesses that you anticipate to either provide affidavits, depositions and/or video testimony at the trial of this case.

36. Provide a list of each and every expert you intend on calling as a witness for the defense in the above styled cause, as well as what their area of expertise, a detailed statement of what they will be testifying to, all the information in detail the expert was provided for examination, all information which the expert relied on in reaching the opinions he will testify to, as well as the expert's address, phone number and business name.

37. A copy of any and all insurance policies on the truck, trailer and/or load involved in the accident on the date of the accident, which is the basis of the above, styled cause including but not limited to the primary insurance carrier and any umbrella policies, which may apply.

38. Copies of any and all type of lease agreements filled out and/or signed between Defendant, **PATRICK REID**, and Defendant, **WESTERN EXPRESS, INC.**

39. Copies of all truck check lists pertaining to the requirements for the renewal of the annual lease agreements between Defendant, **PATRICK REID**, and Defendant, **WESTERN EXPRESS, INC.**

40. Copies of all fuel stickers and receipts for each and every State in which Defendant, **PATRICK REID**, would drive the tractor trailer truck involved in the accident, which is the basis of this cause of action or any other tractor trailer Defendant, **PATRICK REID,** had driven during the course of his employment with **Defendant WESTERN EXPRESS, INC.**

41. Copies of all weight tickets on the loads for each and every delivery/pick-up from January 1, 2006, to December 31, 2006 pertaining to Defendant, **PATRICK REID,** and the tractor-trailer truck involved in the accident, which is the basis of this cause of action or any other tractor trailer Defendant, **PATRICK REID,** had driven during the course of his employment with **Defendant, WESTERN EXPRESS, INC.**.

42. Copies of each and every log sheet for each and every delivery/pick-up from January 1, 2006, to December 31, 2006, pertaining to Defendant, **PATRICK REID**, and the tractor-trailer truck involved in the accident, which is the basis of this cause of action or any other tractor trailer Defendant, **PATRICK REID,** had driven during the course of his employment with **Defendant, WESTERN EXPRESS, INC.**

43. A complete copy of the employee file held on the current Safety Director.

44. A complete copy of the written disciplinary guidelines Defendant, **WESTERN EXPRESS, INC.,** used for their driver employees for the years of 2004, 2005 and 2006.

45. A current employee handbook of Defendant, **WESTERN EXPRESS, INC.,** and a

copy of said handbook, which was in effect at the time of the accident, which is the basis of the above, styled cause.

46.     A complete copy of the entire log sheets for Defendant **PATRICK REID**, for January 1, 2006, to December 31, 2006.

47.     Complete copies of any and all accident registers for the last five (5) years.

48.     Complete copies of any and all motor carrier profiles held by Defendant, **WESTERN EXPRESS, INC.**

49.     Complete list of the total miles traveled by Defendant **PATRICK REID** while working and driving commercial vehicles for Defendant **WESTERN EXPRESS, INC.** in the twelve (12) months prior to the accident, which is the basis of the above styled cause.

50.     Complete copies of all D.O.T. and State Compliance reviews held by Defendant, **WESTERN EXPRESS, INC.**

51.     Complete copies of any reports resulting from insurance safety audits or any reports or results from any safety audit or consulting work from an outside source held by Defendant, **WESTERN EXPRESS, INC.**

52.     Complete copies of all Defendant **PATRICK REID** driver's logs ninety days (90) days prior and ninety (90) days subsequent to the accident, which is the basis of the above, styled cause.

53.     Complete copies of all roadside inspections reports for one (1) year prior to the accident, which is the basis of the above styled cause, on all Defendant, **WESTERN EXPRESS, INC.'s,** trucks.

54.     All documents related to Driver **PATRICK REID's** driving record and/or background information of any type.

55. All documents reflecting **Defendant PATRICK REID's** qualifications to be a driver, including the Defendant **WESTERN EXPRESS, INC.** qualification file for Driver **PATRICK REID**.

56. Copies of all documents relating to policies, procedures, rules, regulations, S.O.P.'s and any other materials whether in writing or in any form whatsoever pertaining to "recruiters" and/or "outside recruiters" and how they are to do their jobs, paid for their jobs, etc., etc.

57. All documents and personal file which will establish the recruiter responsible for hiring, interviewing and/or contacting Defendant PATRICK REID and show the number of driver's this individual "recruiter" and/or "outside recruiter" was credited with for making contact with and clearing through orientation from the date of hiring till present. Said documents should include but not be limited to the payroll records, bonus payments, human resource file, personal file, disciplinary file and any file or document by known by any name of said recruiter who was responsible for making contact with Defendant **PATRICK REID**.

58. Any and all documents, which the OTR drivers at orientation, which is referred to as an "orientation check list" or known by any other name at the time Defendant Reid was hired, and was followed by Defendant **WESTERN EXPRESS, INC.**

59. The names, addresses, phones numbers of all individuals who have worked as recruiters and "outside recruiters" for **WESTERN EXPRESS, INC.** from January 1999 through present.

60. All bills of lading relating in any way to deliveries made in whole or part by Defendant **PATRICK REID** from January 1, 2006, to December 31, 2006.

61. All Defendant **PATRICK REID's** credit card receipts from January 1, 2006, to December 31, 2006.

62. All of Defendant **PATRICK REID's** gas charge receipts from January 1, 2006, to December 31, 2006.

63. Any document showing whether Defendant **WESTERN EXPRESS, INC.** has deemed this accident "preventable" or "non-preventable".

64. All dispatch records for Defendant **WESTERN EXPRESS, INC.** for November 13, 2006 to January 1, 2007, to Defendant Reid.

65. All bills of lading related to the day of the accident.

66. A copy of all communication between Defendant **WESTERN EXPRESS, INC.** and Defendant **PATRICK REID**, including facsimiles, computer generated communication between Defendant **WESTERN EXPRESS, INC.** and Defendant **PATRICK REID** from January 1, 2006, to December 31, 2006, including but not limited to communications involving the accident, which is the basis of the above styled cause.

67. All documents showing or related to any medication, prescribed or over the counter, taken by Defendant **PATRICK REID** at any time during the twenty-four hours prior to the accident, which is the basis of the above styled cause.

68. All documents that show or relate to the speed Defendant **PATRICK REID** was traveling on December 29, 2006, including but not limited to documents from a "governor", transponder, GPS, or any other information of any type.

69. All photographs or other visual depictions taken of the accident scene and/or the vehicles involved in the accident.

70. All internal methods used by Defendant **WESTERN EXPRESS, INC.** to determine compliance with hours of service requirements such as "Log Analyzer" computer software and all reports generated thereby.

71. All documents reflecting the number and/or outcome of random drug tests given to OTR drivers of Defendant **WESTERN EXPRESS, INC.,** since January 1, 2005 to present.

s/Guy R. Willis [WIL135]
**ATTORNEY FOR PLAINTIFF**

**Of Counsel:**
**Guy R. Willis & Associates**
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054
Telephone:   (334) 285-4488
Facsimile:   (334) 285-4552

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing have been served upon the following by electronic transmission or by depositing the same in the United States Mail, first class postage prepaid and properly addressed, on this the **4th  day** of **June**, **2007**.

Patrick R. Norris (ASB-3835-S8IP)
McDaniel, Bains & Norris, P. C.
Two Metroplex Drive
Suite 504
Birmingham, AL   35209-6812
(205)-871-1811

s/Guy R. Willis (WIL135)
Of Counsel