IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BIANCA BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:07-CV-205-A |
| ) | |
| PATRICK REID, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SECOND MOTION TO COMPEL**

COME NOW the defendants in the above cause and respond to the Plaintiff's Motion To Compel (Document Number 38) as follows:

1. These defendants respectfully adopt by reference and incorporate herein their response to the Plaintiff's First Motion to Compel as if fully set out herein (Document Number 35).

2. Defendant Western Express, Inc. ("Western Express") has been and is continuing to work to provide full and complete responses to the pending discovery. Western Express has in this regard previously provided to the Plaintiff by FedEx delivery a full and complete copy of the Driver Qualifications file on its driver, Patrick Reid, and color copies of photographs of the involved vehicles.

3. Western Express in the response to the Plaintiff's First Motion to Compel requested additional reasonable time to fully respond to the voluminous and burdensome discovery. The undersigned attorney for the Defendants and the attorney for the Plaintiff in fact agreed to an extension to September 17, 2007 for the Defendant to provide full responses to discovery. [The undersigned pointed out in this initial response that Defendant Patrick Reid still had not been served with the Summons and Complaint nor with any of the discovery.]

4.     Due to certain complications that have occurred, Western Express was not able to fully respond to discovery within the agreed time frame. Specifically, the Claims Manager with Western Express recently suffered a stroke. The Claims Manager is the individual who has the responsibility for handling discovery requests with Western Express. This has delayed responses. Additionally, Defendant Patrick Reid is no longer in the employment of Western Express. This has likewise made responding to discovery difficult. The undersigned spoke of these matters with the Plaintiff's attorney yesterday morning at the previously scheduled deposition of the Plaintiff's treating physician in Montgomery, AL. The undersigned and Mr. Willis have agreed to explore a possible settlement at this time now that the treating physician has been deposed.

5.     Western Express of course agrees that the Plaintiff is entitled to responses to her discovery. Western Express consents to this Court granting the Plaintiff's Second Motion to Compel in this regard but asks that this Court allow an additional ten (10) days from the date of this Court's order granting the motion within which Western Express may file responses.

6.     As for Defendant Patrick Reid, there still has been no service of the summons and complaint on Mr. Reid. This action was initially filed in state court and no service was made. Following the removal of this case to this Court, when service on Mr. Reid was in question as he was no longer in the employment of Western Express, an answer was filed on behalf of Mr. Reid which set out as separately numbered affirmative defenses (1) insufficiency of process (Sixth Defense) and (2) insufficiency of service of process (Seventh Defense). Inasmuch as the court records indicate an insufficient service of process, Mr. Reid has never been served with the Summons and Complaint and he should not be obligated to respond to the discovery. In this regard, the undersigned on behalf of Mr. Reid is contemporaneously with this response filing a Motion to Dismiss or Alternatively Motion to Order Timely Service. A copy of this motion is attached hereto

as Exhibit "A."

WHEREFORE, the Defendant Western Express respectfully requests that this Court GRANT the Plaintiff's Second Motion To Compel as to it but by Order allow Western Express ten (10) additional days to respond to the discovery. Defendant Patrick Reid respectfully requests that this Court DENY the Plaintiff's Second Motion To Compel as to him for the reasons set forth above and in the Motion to Dismiss or Alternatively Motion to Order Timely Service filed contemporaneously herewith on Mr. Reid's behalf.

s/Patrick R. Norris  
Patrick R. Norris  
Alabama Bar No. ASB-3835-S81P  
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama  35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the following attorneys or parties:

Guy R. Willis
Guy R. Willis & Associates
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054

by using ALAFILE, the CM/ECF system, facsimile, hand delivery, and/or by placing a copy of the same in the United States Mail, First Class Postage Prepaid on this 20th day of September, 2007.

s/Patrick R. Norris  
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BIANCA BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:07-CV-205-A |
| | ) | |
| PATRICK REID, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY**
**MOTION TO ORDER TIMELY SERVICE**

COMES NOW the undersigned attorney, Patrick R. Norris, and on behalf of Defendant Patrick Reid ("Reid") in the above cause moves this Honorable Court to dismiss the Plaintiff's claims against him without prejudice for failure of service or alternatively that this Court order the Plaintiff to serve Reid with the Summons and Complaint within a specified reasonable period of time or suffer dismissal and as grounds therefore states as follows:

1. The Plaintiff commenced this civil action against the Defendants, Reid and Western Express, Inc. ("Western Express") in the Circuit Court of Montgomery County, Alabama, bearing Civil Action Number CV-2007-188. The Complaint was filed on our about January 31, 2007.

2. The Summons and Complaint in this action was served on Western Express on or about February 5, 2007. Reid was not served with the Summons and Complaint. A copy of the case action summary from the Circuit Court of Montgomery County, Alabama, a copy of which is attached as Exhibit "A" to this motion, reflects in fact that service was attempted by certified mail but returned on or about March 12, 2007.

3. The Defendants on or about March 7, 2007 by way of a Notice of Removal removed this action to this Court. This date was the thirtieth day following service of the Summons and

Complaint on Western Express.

4. On or about May 9, 2007, with there being a question about service of the Summons and Complaint on Reid, the undersigned filed an answer with this Court for Reid setting out the following affirmative defenses:

### SIXTH DEFENSE

This defendant says that process served was insufficient to give notice of this cause or was incorrectly served.

### SEVENTH DEFENSE

This defendant says that there was insufficient service of process.

A copy of this answer is attached hereto as Exhibit "B."

5. According to court records, Reid as of this date still has not been served with the Summons and Complaint.

6. By setting forth the defenses of insufficient process and insufficient service of process in the answer filed on behalf of Reid, such defenses were not waived. The filing of an answer does not constitute a "general appearance" so as to waive these defenses.

In *Creel v. Gator Leasing, Inc.*, 544 So. 2d 936 (Ala. 1989), the Supreme Court of Alabama was asked to determine whether a pro se defendant had waived the defense of lack of jurisdiction by filing an answer in response to the complaint. The Court stated as follows:

> Prior to the adoption of the Rules of Civil Procedure, the law was that a general appearance waived the right to make a special appearance to contest jurisdiction over the person. (Citations omitted).
>
> The present law on the subject stems from the Alabama Rules of Civil Procedure. Rule 12(b) reads, in pertinent part:
>
> "Every defense... to a claim for relief in any pleading... shall be asserted in the

responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion; ... (2) lack of jurisdiction over the person.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion." Id. at 937-938.

The entirety of Rule 12(b) adds the following defenses that may likewise be asserted by way of an initial responsive pleading or motion: "...(4) insufficiency of process, (5) insufficiency of service of process.... ."

Rule 12(h), entitled Waiver or Preservation of Certain Defenses, provides as follows:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The Court in Creel went on to state that, "[t]hus, a defense of lack of jurisdiction over the person may be made in a motion or answer raising other defenses that formerly would have constituted a general appearance." Id. at 938. The same would of course under Rules 12(b) and 12(h) and the Creel decision apply to the defenses of insufficiency of process and insufficiency of service of process.

The Court in Creel lastly found that the defendant had in its answer asserted the defense of lack of personal jurisdiction and that therefore the defense had not been waived. A default judgment against the defendant was overturned and the defendant was allowed to interpose this defense.

8.   Rules 12(b) and 12(h) under the Federal Rules of Civil Procedure are identical to the Alabama Rules of Civil Procedure.

9.   Reid has not been served with the Summons and Complaint. He is no longer employed with Western Express and was not so employed when this action was filed. In the answer filed on his behalf, the defenses of insufficiency of process and insufficiency of service of process were asserted and Reid is entitled to the protection of the rules with regard to proper service.

10.     Based on the above recitation of facts, the Plaintiff failed to serve Reid within 120 days of the filing of the complaint as required under Rule 4(m) FRCP. As such, upon this motion made by Reid, this Court "**shall** dismiss the action without prejudice as to [Reid] or direct that service be effected within a specified time...." Rule 4(m) FRCP (emphasis added). [Rule 4(b) ARCP is identical except it provides the Plaintiff within 14 days notice before action by the Court and it says the Court "may" dismiss the action instead of "shall" dismiss the action.]

11.     Reid respectfully states that any efforts to pursue discovery from him should be stayed pending proper service. Otherwise, a Plaintiff could pursue discovery from a Defendant in a suit without the necessity of serving the Defendant with the Summons and Complaint to initiate the suit.

WHEREFORE, the Defendant Patrick Reid respectfully requests that this Court dismiss the claims against him without prejudice. Alternatively, Reid respectfully requests that this Court order that service be made upon him within a specified period of time as established by this Court following which time the claims be dismissed absent service. In the meantime, pending service, Reid respectfully requests that this Court order that all attempts by the Plaintiff to pursue discovery from Reid be stayed.

s/Patrick R. Norris  
Patrick R. Norris  
Alabama Bar No. ASB-3835-S81P  
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama  35209-6812
(205) 871-1811

### CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing on the following attorneys or parties:

Guy R. Willis
Guy R. Willis & Associates
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054

by using ALAFILE, the CM/ECF system, facsimile, hand delivery, and/or by placing a copy of the same in the United States Mail, First Class Postage Prepaid on this 20th day of September, 2007.


                                                s/Patrick R. Norris
                                                Of Counsel