IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BIANCA BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:07-CV-205-A |
| ) | |
| PATRICK REID, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY MOTION TO ORDER TIMELY SERVICE

COMES NOW the undersigned attorney, Patrick R. Norris, and on behalf of Defendant Patrick Reid ("Reid") in the above cause moves this Honorable Court to dismiss the Plaintiff's claims against him without prejudice for failure of service or alternatively that this Court order the Plaintiff to serve Reid with the Summons and Complaint within a specified reasonable period of time or suffer dismissal and as grounds therefore states as follows:

1. The Plaintiff commenced this civil action against the Defendants, Reid and Western Express, Inc. ("Western Express") in the Circuit Court of Montgomery County, Alabama, bearing Civil Action Number CV-2007-188. The Complaint was filed on our about January 31, 2007.

2. The Summons and Complaint in this action was served on Western Express on or about February 5, 2007. Reid was not served with the Summons and Complaint. A copy of the case action summary from the Circuit Court of Montgomery County, Alabama, a copy of which is attached as Exhibit "A" to this motion, reflects in fact that service was attempted by certified mail but returned on or about March 12, 2007.

3. The Defendants on or about March 7, 2007 by way of a Notice of Removal removed this action to this Court. This date was the thirtieth day following service of the Summons and

Complaint on Western Express.

4.     On or about May 9, 2007, with there being a question about service of the Summons and Complaint on Reid, the undersigned filed an answer with this Court for Reid setting out the following affirmative defenses:

**SIXTH DEFENSE**

This defendant says that process served was insufficient to give notice of this cause or was incorrectly served.

**SEVENTH DEFENSE**

This defendant says that there was insufficient service of process.

A copy of this answer is attached hereto as Exhibit "B."

5.     According to court records, Reid as of this date still has not been served with the Summons and Complaint.

6.     By setting forth the defenses of insufficient process and insufficient service of process in the answer filed on behalf of Reid, such defenses were not waived. The filing of an answer does not constitute a "general appearance" so as to waive these defenses.

In *Creel v. Gator Leasing, Inc.*, 544 So. 2d 936 (Ala. 1989), the Supreme Court of Alabama was asked to determine whether a pro se defendant had waived the defense of lack of jurisdiction by filing an answer in response to the complaint. The Court stated as follows:

> Prior to the adoption of the Rules of Civil Procedure, the law was that a general appearance waived the right to make a special appearance to contest jurisdiction over the person. (Citations omitted).
>
> The present law on the subject stems from the Alabama Rules of Civil Procedure. Rule 12(b) reads, in pertinent part:
>
> "Every defense... to a claim for relief in any pleading... shall be asserted in the

responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion; ... (2) lack of jurisdiction over the person.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion." Id. at 937-938.

The entirety of Rule 12(b) adds the following defenses that may likewise be asserted by way of an initial responsive pleading or motion: "...(4) insufficiency of process, (5) insufficiency of service of process.... ."

Rule 12(h), entitled Waiver or Preservation of Certain Defenses, provides as follows:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The Court in *Creel* went on to state that, "[t]hus, a defense of lack of jurisdiction over the person may be made in a motion or answer raising other defenses that formerly would have constituted a general appearance." Id. at 938. The same would of course under Rules 12(b) and 12(h) and the *Creel* decision apply to the defenses of insufficiency of process and insufficiency of service of process.

The Court in *Creel* lastly found that the defendant had in its answer asserted the defense of lack of personal jurisdiction and that therefore the defense had not been waived. A default judgment against the defendant was overturned and the defendant was allowed to interpose this defense.

8.    Rules 12(b) and 12(h) under the Federal Rules of Civil Procedure are identical to the Alabama Rules of Civil Procedure.

9.    Reid has not been served with the Summons and Complaint. He is no longer employed with Western Express and was not so employed when this action was filed. In the answer filed on his behalf, the defenses of insufficiency of process and insufficiency of service of process were asserted and Reid is entitled to the protection of the rules with regard to proper service.

10. Based on the above recitation of facts, the Plaintiff failed to serve Reid within 120 days of the filing of the complaint as required under Rule 4(m) FRCP. As such, upon this motion made by Reid, this Court "**shall** dismiss the action without prejudice as to [Reid] or direct that service be effected within a specified time...." Rule 4(m) FRCP (emphasis added). [Rule 4(b) ARCP is identical except it provides the Plaintiff within 14 days notice before action by the Court and it says the Court "may" dismiss the action instead of "shall" dismiss the action.]

11. Reid respectfully states that any efforts to pursue discovery from him should be stayed pending proper service. Otherwise, a Plaintiff could pursue discovery from a Defendant in a suit without the necessity of serving the Defendant with the Summons and Complaint to initiate the suit.

WHEREFORE, the Defendant Patrick Reid respectfully requests that this Court dismiss the claims against him without prejudice. Alternatively, Reid respectfully requests that this Court order that service be made upon him within a specified period of time as established by this Court following which time the claims be dismissed absent service. In the meantime, pending service, Reid respectfully requests that this Court order that all attempts by the Plaintiff to pursue discovery from Reid be stayed.

s/Patrick R. Norris  
Patrick R. Norris  
Alabama Bar No. ASB-3835-S81P  
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama  35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the following attorneys or parties:

Guy R. Willis
Guy R. Willis & Associates
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054

by using ALAFILE, the CM/ECF system, facsimile, hand delivery, and/or by placing a copy of the same in the United States Mail, First Class Postage Prepaid on this 20th day of September, 2007.


                s/Patrick R. Norris
                Of Counsel

## ALABAMA SJIS CASE DETAIL

 **NORRIS P.C.**  **PREPARED FOR: PATRICK NORRIS**

 County: **03**   Case Number: **CV 2007 000188 00**   Court Action:
Style: **BIANCA BOYD VS PATRICK REID & WESTERN EXPRESS**

### Case

#### Case Information
| | |
|---|---|
| County: | 03 - MONTGOMERY |
| Case Number: | CV 2007 000188 00 |
| JID: | TSM TRACEY S MCCOOEY |
| Trial: | J |
| Style: | BIANCA BOYD VS PATRICK REID & WESTERN EXPRESS |
| Filed: | 01/31/2007 |

#### Case Type
| | |
|---|---|
| Code: | TOMV |
| Type: | NEGLIGENCE MOTOR VEH |
| Track | |
| Status: | A |
| Plaintiffs: | 001 |
| Defendants: | 002 |

#### Court Action
| | |
|---|---|
| DJID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

#### Damages
| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

#### Other Actions
| | | |
|---|---|---|
| Con Date: | Cont #: | Why: |
| RevJmt: | Admin Date: | Why: |
| Appeal Date: | Court: | Case: |
| Mistrial: | | |
| TBNV2: | DSDT: | DTYP: |

#### Comments
Comment 1:
Comment 2:

### Settings

#### Court Dates
| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | | - | |
| 2: | | | - | |
| 3: | | | - | |
| 4: | | | - | |

### Party 1 - C 001 - BOYD BIANCA

#### Party Information
| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | BOYD BIANCA | | | | Type: | I Individual |
| Index: | Y | Alt Name: | | | | | JID: | TSM |
| SSN: | | DOB: | | Sex: | | | Race: | |
| Address 1: | | | | Address 2: | | | | |
| Phone: | 334 | City: | | State: | AL | Zip: 00000-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | | | |

#### Attorneys
Attorney 1: **WIL135**   Name: **WILLIS GUY RODNEY**   City: MILLBROOK   State: AL

| Attorney 2: | Name: | | City: | State: |
| Attorney 3: | Name: | | City: | State: |
| Attorney 4: | Name: | | City: | State: |
| Attorney 5: | Name: | | City: | State: |
| Attorney 6: | Name: | | City: | State: |

### Service Information

| Issued: | Type: | ReIssue: | | Type: |
| Return: | Type: | Return: | | Type: |
| Service: | Type: | Service On: | | By: |
| Answer: | Type: | NS Not: | | NA Not: |
| Warrant | Type: | Arrest: | | |

### Court Action

| CACT: | | Date: | For | Exempt: |
| Amount: $0.00 | | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | | |

## Party 2 - D 001 - REID PATRICK

### Party Information

| Party: | D 001 | Name: | REID PATRICK | | | Type: | I Individual |
| Index: | Y | Alt Name: | | | | JID: | TSM |
| SSN: | | DOB: | | Sex: | | Race: | |
| Address 1: | 105 HERTIAGE COURT | | | Address 2: | | | |
| Phone: | 334 | City: | FAYETTEVILLE | State: GA | Zip: 30214-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | | |

### Attorneys

| Attorney 1: NOR049 | Name: NORRIS PATRICK ROWLAND | City: BIRMINGHAM | State: AL |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

### Service Information

| Issued: 02/01/2007 | Type: C Certified mail | ReIssue: | | Type: |
| Return: 02/28/2007 | Type: C Unclaimed cert mail | Return: | | Type: |
| Service: | Type: | Service On: | | By: |
| Answer: 03/07/2007 | Type: Z Removal | NS Not: | | NA Not: |
| Warrant | Type: | Arrest: | | |

### Court Action

| CACT: | | Date: | For | Exempt: |
| Amount: $0.00 | | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | | |

## Party 3 - D 002 - WESTERN EXPRESS INC

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D 002 | Name: | WESTERN EXPRESS INC | Type: | B Business |
| Index: | Y | Alt Name: | | JID: | TSM |
| SSN: | | DOB: | Sex: | Race: | |
| Address 1: | C/O CT CORPORATION SYSTEM | | Address 2: 1201 PEACHTREE STREET NE | | |
| Phone: | 334 | City: ATLANTA | State: GA  Zip: 30361-0000 | Country: | US |
| Dock: | | Notice: | Entered: | | |

### Attorneys

| | Name: | | City: | State: |
|---|---|---|---|---|
| Attorney 1: | Name: | | City: | State: |
| Attorney 2: | Name: | | City: | State: |
| Attorney 3: | Name: | | City: | State: |
| Attorney 4: | Name: | | City: | State: |
| Attorney 5: | Name: | | City: | State: |
| Attorney 6: | Name: | | City: | State: |

### Service Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Issued: | 02/01/2007 | Type: | C Certified mail | ReIssue: | | Type: | |
| Return: | | Type: | | Return: | | Type: | |
| Service: | 02/05/2007 | Type: | C Certified Mail | Service On: | | By: | |
| Answer: | | Type: | | NS Not: | | NA Not: | |
| Warrant: | | Type: | | Arrest: | | | |

### Court Action

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CACT: | | Date: | | For: | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

### Case Action Summary - 03CV200700018800

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 01/31/2007 | 11:11:13 | TEXT | PLTFS NOTICE OF DEPOSITION TO DFTS 3-20-07 | LAW |
| 01/31/2007 | 11:11:14 | TEXT | PLTFS REQ FOR ADMISSIONS OF FACTS TO DFTS | LAW |
| 01/31/2007 | 11:11:15 | TEXT | PLTFS 1ST SET OF INTERR TO DFTS | LAW |
| 01/31/2007 | 11:11:16 | TEXT | PLTFS 1ST REQ FOR PROD OF DOCS TO DFTS | LAW |
| 01/31/2007 | 11:11:17 | TEXT | PLTFS EXHIBIT LIST | LAW |
| 01/31/2007 | 11:11:18 | TEXT | PLTFS WITNESS LIST | LAW |
| 02/01/2007 | 11:00:50 | FILE | FILED THIS DATE: 01/31/2007      (AV01) | LAW |
| 02/01/2007 | 11:00:51 | TDMJ | JURY TRIAL REQUESTED      (AV01) | LAW |
| 02/01/2007 | 11:00:52 | STAT | CASE ASSIGNED STATUS OF: ACTIVE      (AV01) | LAW |
| 02/01/2007 | 11:00:53 | SCAN | CASE SCANNED STATUS SET TO: N      (AV01) | LAW |
| 02/01/2007 | 11:00:54 | ORIG | ORIGIN: INITIAL FILING      (AV01) | LAW |
| 02/01/2007 | 11:00:55 | ASSJ | ASSIGNED TO JUDGE: TRACEY S MCCOOEY      (AV01) | LAW |
| 02/01/2007 | 11:02:09 | PART | BOYD BIANCA ADDED AS C001      (AV02) | LAW |
| 02/01/2007 | 11:02:10 | ATTY | LISTED AS ATTORNEY FOR C001: WILLIS GUY RODNEY | LAW |
| 02/01/2007 | 11:03:39 | PART | REID PATRICK ADDED AS D001      (AV02) | LAW |
| 02/01/2007 | 11:03:40 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE      (AV02) | LAW |
| 02/01/2007 | 11:03:41 | SUMM | CERTIFIED MAI ISSUED: 02/01/2007 TO D001      (AV02) | LAW |
| 02/01/2007 | 11:05:05 | PART | WESTERN EXPRESS INC ADDED AS D002      (AV02) | LAW |
| 02/01/2007 | 11:05:06 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE      (AV02) | LAW |
| 02/01/2007 | 11:05:07 | SUMM | CERTIFIED MAI ISSUED: 02/01/2007 TO D002      (AV02) | LAW |
| 02/15/2007 | 7:44:29 | JEORDE | ORDER E-FILED. | TSM |
| 02/15/2007 | 7:44:29 | ETXT | ORDER E-FILED. | AJA |
| 02/15/2007 | 7:44:43 | JEORDE | ORDER - TRANSMITTAL | TSM |
| 02/15/2007 | 7:44:43 | ETXT | ORDER - TRANSMITTAL | AJA |
| 02/22/2007 | 3:02:46 | SERC | SERVICE OF CERTIFIED MAI ON 02/05/2007 FOR D002 | JAG |

| 03/07/2007 | 1:32:15 | EANSW | D001 - REMOVAL E-FILED. | NOR049 |
| 03/07/2007 | 1:32:15 | ETXT | D001 - REMOVAL E-FILED. | AJA |
| 03/07/2007 | 1:33:52 | EANSW | ANSWER - TRANSMITTAL | NOR049 |
| 03/07/2007 | 1:33:52 | ETXT | ANSWER - TRANSMITTAL | AJA |
| 03/07/2007 | 1:34:41 | ATTY | LISTED AS ATTORNEY FOR D001: NORRIS PATRICK ROWLA | AJA |
| 03/07/2007 | 1:34:42 | ANSW | ANSWER OF REMOVAL ON 03/07/2007 FOR D001   (AV02) | AJA |
| 03/12/2007 | 9:44:16 | RETU | RETURN OF UNCLAIM CERT  ON 02/28/2007 FOR D001 | AJA |
| 03/12/2007 | 9:44:34 | RETU | RETURN OF UNCLAIM CERT  ON 02/28/2007 FOR D001 | JAG |
| 03/12/2007 | 11:12:32 | ETXT | SERVICE RETURN - TRANSMITTAL | AJA |

**END OF THE REPORT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BIANCA BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:07-CV-205-A |
| | ) |
| PATRICK REID, et al. | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF DEFENDANT PATRICK REID

COMES NOW the defendant, Patrick Reid, in the above-styled cause, and for answer to plaintiff's Complaint, and to each and every allegation and material averment contained therein, separately and severally, says as follows:

### FIRST DEFENSE
### (ADMISSIONS AND DENIALS)

This defendant admits the material averments of Paragraph One.

This defendant admits the material averments of Paragraph Two.

No response is required of this defendant to Paragraphs Three through Thirteen (fictitious parties.)

This defendant admits the material averments of Paragraph Fourteen.

This defendant admits the material averments of Paragraph Fifteen.

This defendant denies the material averments of Paragraph Sixteen.

This defendant denies the material averments of Paragraph Seventeen.

This defendant denies the material averments of Paragraph Eighteen.

This defendant denies the material averments of Paragraph Nineteen.

This defendant denies the material averments of Paragraph Twenty and its subparts.

This defendant denies the material averments of Paragraph Twenty-One.

No response is required of this defendant to Paragraphs Twenty-Two and Twenty-Three (fictitious party count).

No response is required of this defendant to Paragraph Twenty-Four.

This defendant denies the material averments of Paragraph Twenty-Five.

No response is required of this defendant to Paragraph Twenty-Six.

This defendant denies the material averments of Paragraph Twenty-Seven.

No response is required of this defendant to Paragraph Twenty-Eight.

This defendant denies the material averments of Paragraph Twenty-Nine.

No response is required of this defendant to Paragraph Thirty.

This defendant admits agency as alleged in Paragraph Thirty-One.

No response is required of this defendant to Paragraph Thirty-Two.

This defendant denies the material averments of Paragraph Thirty-Three.

This defendant denies the material averments of Paragraph Thirty-Four.

No response is required of this defendant to Paragraph Thirty-Five.

This defendant denies the material averments of Paragraph Thirty-Six.

This defendant denies the material averments of Paragraph Thirty-Seven.

No response is required of this defendant to Paragraph Thirty-Eight.

This defendant denies the material averments of Paragraph Thirty-Nine.

This defendant denies the material averments of Paragraph Forty.

No response is required of this defendant to Paragraph Forty-One.

This defendant denies the material averments of Paragraph Forty-Two.

No response is required of this defendant to Paragraph Forty-Three.

This defendant denies the material averments of Paragraph Forty-Four.

No response is required of this defendant to Paragraph Forty-Five (misnumbered as Paragraph Forty-Four).

This defendant denies the material averments of Paragraph Forty-Six (misnumbered as Paragraph Forty-Five).

This defendant denies the material averments of Paragraph Forty-Seven (misnumbered as Paragraph Forty-Six).

## SECOND DEFENSE

The Complaint fails to state a claim against this defendant upon which relief may be granted.

## THIRD DEFENSE

This defendant pleads the general issue.

## FOURTH DEFENSE

This defendant says that venue is improperly and/or inconveniently lain.

## FIFTH DEFENSE

This defendant says this Court lacks *in personam* jurisdiction over him and that further this Court lacks jurisdiction over the subject matter of this action.

## SIXTH DEFENSE

This defendant says that process served was insufficient to give notice of this cause or was incorrectly served.

## SEVENTH DEFENSE

This defendant says that there was insufficient service of process.

## EIGHTH DEFENSE

This defendant says that the plaintiff was guilty of negligence on the date of the accident made the basis of the Complaint and that such negligence proximately caused or contributed to cause the damages claimed and that any recovery is therefore barred by the plaintiff's contributory negligence.

**NINTH DEFENSE**

This defendant says there existed an efficient intervening cause which was the proximate cause of this accident and which proximately caused or contributed to plaintiff's alleged injuries and damages.

**TENTH DEFENSE**

This defendant says that there existed a sudden emergency not of his own making and that such emergency proximately caused or contributed to cause this accident.

**ELEVENTH DEFENSE**

This defendant says that he is not guilty of any act or omission which proximately caused or contributed to cause plaintiff's injuries and damages, as alleged, and demands strict proof thereof.

**TWELFTH DEFENSE**

This defendant denies traveling or operating a motor vehicle in an unsafe manner and further denies that any act on his part proximately caused or contributed to this incident and demands strict proof thereof.

**THIRTEENTH DEFENSE**

This defendant denies acting in a wanton, reckless or intentional manner, or any knowledge or ratification of any such conduct on the date complained of or thereafter so as to justify any award of punitive damages to the plaintiff and demands strict proof thereof.

**FOURTEENTH DEFENSE**

The defendant says that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama.

**FIFTEENTH DEFENSE**

The defendant says that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the

United States.

## SIXTEENTH DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## SEVENTEENTH DEFENSE

The defendant says that any award of punitive damages to plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by Due Process of Law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## EIGHTEENTH DEFENSE

The defendant says that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH DEFENSE

It is violative the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the Self-Incrimination Clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

## TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the Untied States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-SECOND DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case would be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-THIRD DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case would be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that it would provide damages to plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 Section 27-1-27, Code of Alabama 1975, as amended.

### TWENTY-FOURTH DEFENSE

This defendant says that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with *Green Oil* and *Hammond's* guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the

defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition . *BMW of North America v. Gore,* ____ U.S. _____, 1996 WL 262429.

**TWENTY-FIFTH DEFENSE**

Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose.  This State provides no such notice to defendants leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. *BMW of North America v. Gore,* ____ U.S. _____, 1996 WL 262429.

**TWENTY-SIXTH DEFENSE**

This defendant asserts that the plaintiff is not entitled to a trial by jury on the issue of punitive damages. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*,_____ U.S. _____, No. 99-2035(May 14, 2001) (holding that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated).

**TWENTY-SEVENTH DEFENSE**

The defendant pleads the applicable statute of limitations.

**TWENTY-EIGHTH DEFENSE**

The defendant denies that the plaintiff has standing to pursue the claims and/or relief sought.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY AS TO ALL JURY ISSUES**

                                                                s/Patrick R. Norris
Patrick R. Norris (NOR049)
Attorney for Defendant

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504

Birmingham, Alabama  35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

  I hereby certify that I have this the 9th day of May, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Guy R. Willis
Guy R. Willis & Associates
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054

                 s/Patrick R. Norris
                 Of Counsel