IN THE DISTRICT COURT OF UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BIANCA BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-205-WHA |
| ) | |
| PATRICK REID, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL COMPLAINT**

COMES NOW, the Plaintiff, **BIANCA BOYD**, by and through her attorney of record, Guy R. Willis, and names as Defendants **PATRICK REID, WESTERN EXPRESS, INC. , "A", "B", "C", "D", "E", "F", "G", "H", "I", "J" , "K" and "L"** and sets forth a cause of action for personal injuries caused by Defendant's, **PATRICK REID's**, operation of an automobile.

**COUNT I**

1.   Defendant, **PATRICK REID,** is a citizen of the State of Georgia, residing at 105 Fayetteville, GA,   30214.

2.   Defendant, **WESTERN EXPRESS, INC.**  is a corporation operating in the State of Alabama.

3.   Defendants "**A**" and "**B**" are the owners and operators, respectively, of the vehicle being operated by Defendant, **PATRICK REID,** upon the occasion made the basis of this suit.

4.   Defendant "**C**" is the person, firm, or corporation responsible for the maintenance of the vehicle, which was being operated by Defendant**, PATRICK REID,** on the occasion made the basis of this suit.

5. Defendant "**D**" is the person, firm, or corporation responsible for the inspection of the vehicle, which was being operated by Defendant**, PATRICK REID,** on the occasion made the basis of this suit.

6. Defendant "**E**" is the person, firm, or corporation responsible for the state of repairs of the vehicle being operated by Defendant, **PATRICK REID,** on the occasion made the basis of this suit.

7. Defendant "**F**" is the employer of **PATRICK REID** on the occasion made the basis of this suit.

8. Defendant "**G**" is the Fictitious Defendant who was responsible for the supervision for Defendant**, PATRICK REID,** on the occasion made the basis of this suit.

9. Defendant "**H**" is the Fictitious Defendant who was responsible for the hiring of Defendant, **PATRICK REID,** prior to the accident on the occasion made the basis of this suit.

10. Defendant "**I**" is the Fictitious Defendant who was responsible for the training of Defendant, **PATRICK REID,** prior to the accident on the occasion made the basis of this suit.

11. Defendant "**J**" is the Fictitious Defendant who negligently and/or wantonly entrusted the vehicle owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

12. Defendant "**K**" is the Fictitious Defendant who negligently and/or wantonly retained Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee to operate the vehicle owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

13. Defendant "**L**" is the Fictitious Defendant who negligently and/or wantonly violated the FMCSR's and/or the Alabama DOT Regulations, as well as Defendant **REID** and Defendant **WESTERN EXPRESS, INC.,** which lead to and/or contributed to the cause of the accident which is the basis of the above styled cause.

14. On or about the **29th day** of **December**, **2006**, at approximately **5:15 P.M.**, the Eastern Boulevard was a public roadway, running in a generally north to south direction with lanes for traffic traveling north and lanes for traffic traveling south.

15. On the **29th** day of **December**, **2006**, Plaintiff, **BIANCA BOYD**, was driving her vehicle traveling in a northerly direction on the Eastern Boulevard while Defendant**, PATRICK REID,** and/or Defendant "**B**" was operating Defendant, **WESTERN EXPRESS, INC.**, and/or Defendant **A**'s, automobile traveling in a northerly direction on the Eastern Boulevard in Montgomery County, Alabama.

16. Plaintiff alleges that the vehicle driven by Defendant, **PATRICK REID** and owned by Defendant, **WESTERN EXPRESS, INC.,** drove his vehicle into the rear of the vehicle occupied by the plaintiff, causing the plaintiff's vehicle to be pushed forward into a vehicle occupied by a Desmond Vickers. The accident occurred on the Eastern Boulevard at or near the intersection of the Eastern Boulevard and Woodmere Boulevard in Montgomery County, Alabama.

17. Plaintiff alleges that Defendant, **PATRICK REID,** and/or Defendant "**B**" drove Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant **A**'s vehicle in a manner that resulted in the accident with the vehicle which was being operated and occupied by the Plaintiff, **BIANCA BOYD**.

18. At the date and time stated above, Defendant, **PATRICK REID,** was negligent and/or wanton in causing the accident with the Plaintiff's, **BIANCA BOYD's**, vehicle.

19. At the date and time stated above, as Defendant, **PATRICK REID,** and/or Defendant "**B**" drove Defendant**, WESTERN EXPRESS, INC.,** and/or Defendant **A's**, vehicle in such a manner as to cause the accident with the Plaintiff's, **BIANCA BOYD's**, vehicle, no objects or obstacles whether fixed or moving existed between the vehicle operated by Defendant, **PATRICK REID,** and/or Defendant "**B**" and the vehicle which the Plaintiff, **BIANCA BOYD**, was driving that could have or that did prevent Defendant, **PATRICK REID,** and/or Defendant "**B**" from seeing the Plaintiff's, **BIANCA BOYD's**, vehicle.

20. The negligent and/or wanton acts and omissions of the Defendant, **PATRICK REID,** and/or Defendant "**B**" include but, are not limited to, the following:

    A. Failure to control the vehicle owned by Defendant, **WESTERN EXPRESS, INC.** and/or Defendant "**A**" in such a manner as to prevent a collision with the vehicle which Plaintiff, **BIANCA BOYD**, was driving;

    B. Failure to show due and proper regard for the safety of other persons on the highway, including the Plaintiff;

    C. Failure to keep a proper lookout so as to avoid a collision with the Plaintiff; and

    D. Failure to properly inspect his vehicle before driving it upon a public roadway.

    E. Failure to follow the FMCSR's and/or Alabama DOT regulations so as to properly insure the safety of other individuals utilizing the Alabama public highways and roadways.

      F.      Failure to insure his vehicle was in proper working order prior to commencing his trip for Defendant WETERN EXPRESS, INC.

      G.      Failure to properly maintain control of his vehicle.

      H.      Such other acts or omissions of negligence the evidence may reveal at trial.

21.    The negligence and/or wantonness of Defendant, **PATRICK REID,** and/or Defendant "**B**" were the proximate cause of the injuries sustained by the Plaintiff, **BIANCA BOYD**. She received injuries to her entire person. Plaintiff, **BIANCA BOYD**, was caused to incur medical bills, physician expenses, pain and suffering and emotional distress, loss of enjoyment in social activities and life in general. Plaintiff, **BIANCA BOYD**, may also incur future medical bills, physician expenses, pain and suffering and emotional distress.

WHEREFORE, Plaintiff, **BIANCA BOYD**, demands judgment against the Defendant, **PATRICK REID,** and/or Defendant "**B**" in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), in compensatory and punitive damages which the jury believes would be fair and just together with the costs of her action.

## COUNT II

22.    Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-one (21) into paragraph twenty-two (22) of her complaint.

23.    Plaintiff re-allege all of the allegations of paragraphs thirteen (13) through twenty-one (21) against Defendant "**A**" the owner and Defendant "**B**" who was the operator of the vehicle which struck the vehicle being operated and occupied by Plaintiff, **BIANCA BOYD**.

## COUNT III

24. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-three (23) into paragraph twenty-four (24) of her complaint.

25. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**C**" negligently and/or wantonly maintained the vehicle driven by Defendant**, PATRICK REID,** and/or Defendant "**B**" and owned by Defendant, **WETERN EXPRESS, INC.** and/or Defendant "**A**" at the time of the collision with the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD**.

## COUNT IV

26. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-five (25) into paragraph twenty-six (26) of her complaint.

27. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**D**" negligently and/or wantonly inspected the vehicle driven by Defendant, **PATRICK REID,** and/or Defendant "**B**" and owned by Defendant, **WESTERN EXPRESS, INC.,** and/or by Defendant "**A**", at the time of the collision with the vehicle being operated and occupied by Plaintiff, **BIANCA BOYD**.

## COUNT V

28. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-seven (27) into paragraph twenty-eight (28) of her complaint.

29. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**E**" negligently and/or wantonly repaired the vehicle driven by Defendant, **PATRICK REID,** and/or Defendant "**B**" and owned by Defendant, **WESTERN**

**EXPRESS, INC.,** and/or Defendant "**A**" at the time of the collision with the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD**.

## COUNT VI

30. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-nine (29) into paragraph thirty (30) of her complaint.

31. Prior to the collision alleged in Count I, Defendant, **PATRICK REID,** and/or Defendant "**B**" was acting as an agent and employee of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**F**" within the line and scope of his authority for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**F**".

## COUNT VII

32. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-one (31) into paragraph thirty-two (32) of her complaint.

33. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**G**" negligently and/or wantonly supervised Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee driver for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" during the period of time Defendant, **PATRICK REID,** and/or Defendant "**B**" worked for and/or drove a vehicle for Defendant, **WESTERN EXPRESS, INC. ,** and/or Defendant "**A**".

34. The negligence and/or wantonness of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**G**" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in her complaint.

## COUNT VIII

35. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-four (34) into paragraph thirty-five (35) of her Complaint.

36. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**H**" negligently and/or wantonly hired Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee driver for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**".

37. The negligence and/or wantonness of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**H**" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in her complaint.

## COUNT IX

38. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-seven (37) into paragraph thirty-eight (38) of her complaint.

39. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**I**" negligently and/or wantonly trained Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee driver for Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" prior to allowing Defendant, **PATRICK REID,** and/or Defendant "**B**" to drive and/or work for Defendant, **WESTERN EXPRESS, INC.**

40. The negligence and/or wantonness of Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**I**" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in her complaint.

## COUNT X

41. Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty (40) into paragraph forty-one (41) of her Complaint.

42. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**J**" negligently and/or wantonly entrusted to Defendant, **PATRICK REID,** and/or to Defendant "**B**" the vehicle owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" which struck the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD**.

## COUNT XI

43. Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty-two (42) into paragraph forty-three (43) of her complaint.

44. Prior to the collision alleged in Count I, Defendant, **WESTERN EXPRESS, INC.,** and/or Defendants "**A**" and/or "**K**" negligently and/or wantonly retained Defendant, **PATRICK REID,** and/or Defendant "**B**" as an employee to operate the vehicle owned by Defendant, **WESTERN EXPRESS, INC.,** and/or Defendant "**A**" which struck the vehicle which was being operated and occupied by Plaintiff, **BIANCA BOYD**.

## COUNT XII

44. Your Plaintiff incorporates paragraphs one (1) through forty-three (43) of her complaint into paragraph forty-four (44) of her complaint.

45. On or about the 29th day of December 2006 and prior to that date the named defendants and/or defendant "L" negligently and/or wantonly violated various Federal Motor Carrier Safety Regulations and/or Alabama Department of Transportation Regulations applicable to the hiring, training and supervision of **PATRICK REID** as a commercial over the road truck driver.

46. The defendants' negligent and/or wanton violation of the Federal Motor Carrier Safety Regulations on the part of the defendants was the proximate cause of the injuries

sustained by the Plaintiff. Plaintiff, **BIANCA BOYD**, received injuries to her entire person. Plaintiff, **BIANCA BOYD**, was caused to incur medical bills, physician expenses, pain and suffering, emotional distress, loss of income, loss of enjoyment in social activities, permanent physical impairment to her person, permanent vocational disability and loss of enjoyment of life in general. Plaintiff, **BIANCA BOYD**, will also incur future medical bills, physician expenses, pain and suffering, emotional distress and future loss of income.

47. Plaintiff, **BIANCA BOYD**, claims compensatory and punitive damages of all defendants due to their said negligent and/or wanton conduct as set forth in the complaint.

WHEREFORE, Plaintiff, **BIANCA BOYD**, demands judgment against the Defendants **PATRICK REID, WESTERN EXPRESS, INC. ,** "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", "K" **and "L"**, in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), in punitive and compensatory damages which a jury would feel is just and fair together with the costs of her action.

Your plaintiff would show unto this Honorable Court the original complaint had an incorrect statement of facts as to how the accident occurred.

                                            s/Guy R. Willis (WIL135)
                                            4761 Main Street
                                            P. O. Drawer 1227
                                            Millbrook, AL 36054
                                            (334) 285-4488
                                            **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing have been served upon the following by electronic transmission or by depositing the same in the United States Mail, first class postage prepaid and properly addressed, on this the **2nd day** of May, **2008.**

Patrick R. Norris (ASB-3835-S8IP)
McDaniel, Bains & Norris, P. C.
Two Metroplex Drive
Suite 504
Birmingham, AL   35209-6812
(205)-871-1811

                                            s/Guy R. Willis (WIL135)
                                            Of Counsel